IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONALD A. GARDNER,                          6:12-CV-00038-BR

    Plaintiff,                          OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

    Defendant.


**KATHRYN TASSINARI**
**BRENT WELLS**
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

    Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2733

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Donald A. Gardner seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for DIB on May 22, 2008,

alleging a disability onset date of January 1, 2006. Tr. 153-56.[2] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on March 8, 2011. Tr. 39-72. At the hearing Plaintiff amended his alleged disability onset date to March 31, 2008. Tr. 44. Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on March 22, 2011, in which he found Plaintiff was not disabled before his March 31, 2008, date last insured and, therefore, is not entitled to benefits. Tr. 16-31. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on November 10, 2011, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born November 6, 1953, and was 57 years old at the time of the hearing. Tr. 73. Plaintiff completed high school and some college courses. Tr. 48. Plaintiff has past relevant work experience as an in-home caregiver. Tr. 63.

Plaintiff alleges disability prior to his date last insured due to lower-back strain, herniated disks, migraines, and right-

---

[2] Citations to the official transcript of record filed by the Commissioner on September 18, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

shoulder problems.  Tr. 171.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 24-25, 27.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is

4 - OPINION AND ORDER

"relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

5 - OPINION AND ORDER

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R.

§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

7 - OPINION AND ORDER

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff had not engaged in substantial gainful activity through his March 31, 2008, date last insured. Tr. 21.

At Step Two, the ALJ found Plaintiff, before his date last insured, had the severe impairments lumbar and cervical spine degenerative disk disease, "right shoulder degenerative joint disease status post surgery times two," chronic pain syndrome, myofascial pain syndrome, obesity, and headaches. Tr. 21. The ALJ found Plaintiff's alleged impairments of "right ankle fixation" and sleep apnea were not severe before Plaintiff's date last insured. Tr. 22.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1, before his March 31, 2008, date last insured. Tr. 22. The ALJ found Plaintiff, through his date last insured, had the RFC to occasionally lift and/or carry 20 pounds and frequently lift and/or carry ten pounds; to "sit, stand, and walk for up to 6 hours in an 8-hour workday with the option to change position at will"; to occasionally climb ladders, ropes and scaffolds; and to occasionally reach above the shoulder with his right arm. Tr. 22.

At Step Four the ALJ concluded Plaintiff was unable to

8 - OPINION AND ORDER

perform his past relevant work through his March 31, 2008, date last insured. Tr. 25.

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy through his March 31, 2008, date last insured. Tr. 25. Accordingly, the ALJ found Plaintiff was not disabled through his date last insured.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) rejected Plaintiff's testimony; (2) failed to give great weight to the Veterans Administration (VA) decision granting Plaintiff 100% disability; (3) rejected the opinion of Todd Lewis, M.D., examining physician; and (4) gave an incomplete hypothetical to the VE that did not include all of Plaintiff's limitations.

**I.  The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective

9 - OPINION AND ORDER

medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] and third-party statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC]." Tr. 23. The ALJ noted the record reflects Plaintiff went elk hunting in October 2007 for three days and was able to fire a rifle even though his shoulder and back bothered him afterwards. Tr. 50. David Kim, M.D., Plaintiff's treating physician, prescribed a ten-day supply of morphine. Tr. 362. Dr. Kim, however, declined to renew Plaintiff's morphine prescription and advised Plaintiff to "maximize stretching and ice and the other meds to control his

10 - OPINION AND ORDER

back pain." Tr. 357. The ALJ noted Plaintiff also went on a second hunting trip in 2007 and shot a deer. Tr. 52-53. The ALJ noted Plaintiff stated on his June 18, 2008, Adult Function Report that he fished once every three to four months, but at the hearing Plaintiff testified he was not able to fish before his March 31, 2008, date last insured. Tr. 23, 51, 182.

David Schmidt, M.D., treating physician, opined in April 2008 that Plaintiff's headaches were probably rebound headaches related to Plaintiff's Vicodin wearing off three to four hours after each dose and that Plaintiff's "untreated sleep apnea could be a factor as well." Tr. 341. The ALJ noted Plaintiff attempted to use a CPAP and BiPAP to alleviate his sleep apnea, but he was unable to tolerate the setting of 12 centimeters of pressure. Tr. 340. Dr. Schmidt instructed Plaintiff to try a lower pressure setting, but the record does not reflect that Plaintiff did so. In November 2008 Daniel O'Hearn, M.D., treating physician, reported Plaintiff was not using his CPAP. When Dr. O'Hearn offered to lower the CPAP pressure, Plaintiff declined and stated "he simply is not interested in trying the cpap or bipap any further." Tr. 278.

The ALJ noted Plaintiff's doctors referred him for various other conservative treatments such as a TENS unit, but Plaintiff declined to follow up on their recommendations. Tr. 27, 261, 275, 570, 573, 633.

11 - OPINION AND ORDER

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony not entirely credible as to the intensity, persistence, and limiting effects of his conditions. The Court, therefore, concludes the ALJ did not err when he rejected Plaintiff's testimony in part.

**II. The ALJ erred when he failed to give "great weight" to the VA's award of 100% disability to Plaintiff.**

A Social Security disability determination is similar to a VA disability determination in that both are made by federal agencies that provide benefits to those who cannot work due to disability. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). "[A]lthough a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision." *Id*. An ALJ ordinarily must give "great weight" to a VA determination of disability. An ALJ, however, is not compelled to reach an identical result. *Id. See also* 20 C.F.R. § 404.1504 ("A decision by any . . . other governmental agency about whether you are disabled . . . is based on its rules and is not our decision . . . . We must make a . . . determination based on social security law. Therefore, a determination made by another agency . . . is not binding on us."). If the ALJ gives less than "great weight" to a VA disability determination, however, he must provide "persuasive,

12 - OPINION AND ORDER

specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076.

Here the ALJ did not give great weight to the VA's disability determination that Plaintiff was 100% disabled. The ALJ noted the Plaintiff had been granted a disabled hunting license, but it expired in 2006 and Plaintiff did not attempt to obtain another one. Plaintiff, therefore, was not using that license when he went hunting in 2007. Tr. 24. The record, however, reflects Plaintiff was not aware that his disabled license had expired in 2006 because disabled hunting permits had been good for the life of the license holder before 2006; *i.e.*, Plaintiff was unaware that the Oregon Department of Fish and Wildlife had changed its policy on disabled hunting permits to require renewal. Tr. 238.

The ALJ also noted the VA declined to increase Plaintiff's rating of 60% disability for his back condition. Tr. 231. The VA noted Plaintiff's rating for his back condition would be lower under new regulations, and, therefore, it was to Plaintiff's advantage for the VA to "continue evaluating [him] under the old criteria as this results in the higher 60 percent rating." Tr. 231. Nevertheless, the VA ultimately awarded Plaintiff 100% disability stating:

> [W]e accept your assertion your physical
> disability makes prospective employers unwilling
> to hire you and we do not doubt it likely would be
> difficult to maintain any kind of gainful

13 - OPINION AND ORDER

>   employment involving physical labor or even
>   sitting at a desk for prolonged periods. For this
>   reason we can now grant individual unemployability
>   with an effective date of February 6, 2003 as you
>   have told us effective today's date you are no
>   longer employed by the State of Oregon.

Tr. 231.

On this record, therefore, the Court concludes the ALJ erred when he did not give great weight to the VA's disability determination because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

### III. The ALJ did not err when he did not give any weight to the opinion of Dr. Lewis.

Plaintiff contends the ALJ erred when he rejected the June 9, 2010, opinion of Dr. Lewis, examining physician.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007)(quoting *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007)). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Lester*, 81 F.3d at 830-32.

Dr. Lewis performed a one-time examination of Plaintiff in June 2010, more than two years after Plaintiff's date last

14 - OPINION AND ORDER

insured. Dr. Lewis opined Plaintiff could lift and/or carry up to ten pounds continuously and 11-20 pounds occasionally, but not overhead; could sit eight hours, stand two hours, and walk one hour in an eight-hour work day; could occasionally reach, push/pull, climb ramps and stairs, climb ladders and scaffolds, stoop, kneel, crouch, move mechanical parts, and operate a motor vehicle; could frequently handle and work in humidity, dust, odors, fumes, extreme cold, and extreme heat; and should never crawl or work at unprotected heights. Tr. 606-10.

The ALJ rejected Dr. Lewis's opinion on the ground that Dr. Lewis's assessment occurred "over two years after the date last insured and merely indicates that [Plaintiff's] condition may have declined over time." Tr. 27. Moreover, there is not any indication that Dr. Lewis intended his opinion to be retrospective. In addition, at the March 2011 hearing Plaintiff testified his condition had become "steadily worse" since his March 31, 2008, date last insured. Tr. 54-55.

On this record the Court concludes the ALJ did not err when he did not give any weight to Dr. Lewis's opinion because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**IV.   The ALJ's hypothetical to the VE.**

Plaintiff contends the ALJ's hypothetical to the VE was inadequate because it did not contain all of Plaintiff's work-

15 - OPINION AND ORDER

related limitations. The Court has concluded the ALJ made reversible error when he did not give great weight to the VA's disability determination. As a result, the ALJ's failure to give great weight to the VA's disability determination may have affected the ALJ's assessment of Plaintiff's RFC, and, in turn, the limitations that would have been included in the ALJ's hypothetical to the VE.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination

16 - OPINION AND ORDER

>     of disability can be made, and (3) it is
>     clear from the record that the ALJ would be
>     required to find the claimant disabled were
>     such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary. It is not clear on this record whether the ALJ would have found Plaintiff could have performed other work that exists in significant numbers in the national economy before his date last insured if the ALJ had given great weight to the VA's disability determination.

Based on the foregoing, the Court concludes a remand for further proceedings consistent with this Opinion and Order is required to permit the ALJ (1) to reevaluate the VA's disability determination and (2) to reconsider whether any new findings that the ALJ may make with respect to the VA determination affect the ALJ's determination as to whether Plaintiff could have performed other work that exists in significant numbers in the national economy before his date last insured.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of

17 - OPINION AND ORDER

42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 7th day of June, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER